## ADVANCEMENT TO A SON-IN-LAW OF INTEREST OF DAUGHTER.

Circuit Court of Fairfield County.

FISHER v. FISHER ET AL.

Decided, September Term, 1907.

*Advancements—May be Made to Son-in-law, How—Intention of Donor —Acquiescence of Daughter—Trusts and Trustees—Probate Practice.*

A gift of a tract of land to a son-in-law and payment by the donor of part of the purchase price of another tract, the daughter of the donor and her husband, the son-in-law, uniting in a receipt for the property by way of advancement, constitutes neither an implied nor a resulting trust, but is an advancement to the son-in-law of the daughter's interest with her acquiescence.

*C. W. McCleery* and *A. W. Clutch,* for plaintiff in error.
*M. A. Daugherty* and *W. K. Martin,* for defendants in error.

TAGGART, J.; DONAHUE, J., concurs; McCARTY, J., not sitting.

Error to Fairfield Common Pleas Court.

This is a proceeding in error prosecuted in this court to reverse the judgment of the court of common pleas. The question arises on a demurrer to the first and second causes of action in plaintiff's petition and, concretely stated, it is this: Does the giving by a father to his son-in-law of a tract of land and payment by the father to the son-in-law of a part of the purchase price of another tract of land, the son-in-law and daughter uniting in a receipt for the property by way of advancement, constitute an implied trust or a resulting trust under the law. The averments of the first and second causes of action are simply the relationship of the parties, and that the father conveyed to the son-in-law one tract of land and paid part of the purchase price of another tract of land, and that thereupon the daughter and son-in-law executed a receipt acknowledging

getting this property by way of advancement; and it is claimed that, out of this transaction alone, an implied trust or resulting trust arose.    It is distinctly averred that the bestowal of this property by the father upon the son-in-law was by way of an advancement to the daughter and the receipt was given as an advancement.

This can not be an advancement and at the same time either a resulting trust or an implied trust.    The two are at variance with each other and a brief analysis of what constitutes an advancement negatives the idea of a trust.    Rockel, Probate Practice, Section 929, defines an advancement as follows:

"An advancement is a gift by a person to a presumptive heir of certain property with the intention that the value of such property shall be deducted from the portion that such presumptive heir would otherwise be entitled to receive out of such person's estate after such person was deceased.    *    *    *    The gift in order to constitute an advancement must be irrevocable, divesting entirely all the ancestor's interest, and forming no part of the property to be administered; hence the donee can in no case be compelled to refund what he has received."

The author further goes on and discusses the character of an advancement—that it is a gift and can not be changed to a debt.    It is not intended that it should ever be refunded or repaid by the donee.    The gift is to an heir presumptive, or one standing in the nature of an heir, or one who is entitled to inherit.

That being the case the question arises:    Can there be an advancement to a son-in-law?    This question has been settled in the case of *Ditloe* v. *Cluney*, 22 Ohio St., 436:

"A gift to a son-in-law, intended by the ancestor to be charged as an advancement against his daughter, and not subsequently converted by him into a gift absolute, will be so charged against her in the distribution of his intestate property, if she, knowing the fact and intention of the gift, shall have acquiesced therein."

So that there can be an advancement to a son-in-law with the knowledge and consent of the daughter, and after that appears, it is then an advancement to the daughter.

Let us look briefly to a definition of an implied trust.  Perry, Trusts, says:

"Implied trusts are those that arise when trusts are not directly or expressly declared in terms, but the courts from the whole transaction and the words used, imply or infer that it was the intention of the parties to create a trust."

So we must gather from the transaction whether it was the intention of the parties to create a trust, because there is no express trust in this case insisted upon.

"An implied trust arises where, upon the purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration or a part of it is given or paid by another, not in the way of a loan to the grantee; the parties being strangers to each other, a resulting trust immediately arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds."

, So we see the distinguishing feature in those two transactions. In both instances the intention of the parties must govern. If it was the intention that there was to be an implied trust, that must be gathered from the transaction.  If it was the intention to be an advancement, that must be inferred from the intention of the donor and the acts and intention of the donee.

Looking to this transaction and the averments of the petition, there is only the averment that this was an advancement, in which event it was an irrevocable gift.  The donees were never called upon to account for any payment of this sum except in the distribution of the estate.  If they were donees they could not be called upon in any other way for an accounting.  If the daughter was the donee of this gift and the son-in-law was a participant in the reception of the gift, he certainly could not be called upon to account for the principal or for any interest in the proceeds of that gift.  There would be no control over this transaction except as the representative of the donor would account for it in the administration of the estate.

Another test—If she is the *donee of this gift* she could hardly

insist that she was the *cestui que trust* of which her husband was the principal trustee; that could hardly be claimed.

Now we have *Thompson* v. *Thompson*, 18 Ohio St., 73, holding distinctly that no such trust is either implied or results therefrom. *Stump* v. *Stump*, 26 Ohio St., 169, holds similarly. It is claimed that the case of *Stayner* v. *Bower*, 42 Ohio St., 314, is contrary to this doctrine, but we think there is a very distinguishing feature which differentiates it from the other cases cited. In that case the daughter did not consent or in anywise acquiesce in the bestowal of the money upon her husband. The father bestowed it upon the son-in-law as an advancement intending to charge it against the daughter's estate; she not acquiescing therein, it could not be said to be an advancement to her, nor chargeable out of her share in her father's estate. It was not strictly speaking an advancement, but it was in the nature of property bestowed upon the son-in-law for her benefit and use, for which she would be entitled to recover against her husband. There was no acquiescence on the part of the donee that the transaction should constitute an advancement against her.

In the case at bar there was the intention of the donor to give, and there was an acquiescence of the donee in the nature of an advancement, as to which there was to be no recovery of the principal or of the rents and profits, and no accounting except in the manner provided in the distribution of the estate.

So we think that in this case, after careful review of all the authorities and on principle, the demurrer to the first and second causes of action were properly sustained. We find that the court committed no error in dismissing the first and second causes of action, and the others being contingent upon them and the parties not desiring to plead further, we find no error in the record and the judgment of the lower court will be affirmed with costs.